IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-428-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| McCOY'S PERSONAL PROPERTY | ) | |
| Specifically Described As | ) | |
| A 2008 Cadillac Escalade | ) | |
| VIN: 1GYFK63868R146865 and | ) | ORDER |
| A 2003 Cadillac CTS | ) | |
| VIN: 1G6DM57N130108686, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| JARUIS McCOY and MARCUS L. | ) | |
| GILMORE | ) | |
| | ) | |
| Claimants. | ) | |

This forfeiture action comes now before the court upon plaintiff's motion to strike claim and answer of Jaruis McCoy, who seeks to assert ownership of a 2003 Cadillac CTS with vehicle identification number ("VIN") 1G6DM57N130108686. Claimant asserts the motor vehicle in question was not involved in any criminal activity. As to the other vehicle, a 2008 Cadillac Escalade VIN 1GYFK63868R146865, claimant admits he does not own this property. Rather, he urges that his uncle owns this car and that claimant borrowed it only to attend to his personal, non-criminal business. He prays that the court will find forfeiture improper as to both vehicles. His uncle, Marcus L. Gilmore, also made a claim, as amended, wherein he disputes plaintiff's seizure of his Cadillac

Escalade. Discovery proceeded in the case, and on June 4, 2014, the instant motion was filed, and followed shortly thereafter by notice of settlement as between plaintiff and Gilmore, approved by the court.

Plaintiff places heavy reliance in furtherance of its motion on the terms of the plea agreement which provides that claimant "forfeits and otherwise waives any ownership right in all items seized during the investigation of the acts alleged in the Criminal Indictment." Mem. of Plea Agreement, Exh. A, at 2. The "Forfeiture Notice" of the Indictment provides that the forfeited "property includes, but is not limited to the following...2003 Cadillac CTS; VIN - 1G6DM57N130108686." Indictment, Exh. B, at 5.

Claimant, as plaintiff correctly notes, waived his right to challenge the forfeiture proceeding when he signed his plea agreement, and, therefore, he is unable to assert any claim to this vehicle. This is notwithstanding that unsupported motion later filed in the case by McCoy entitled "Summary Judgement [sic] Request [and] Request for Settlement Agreement Regarding Claim of Jaruis McCoy," which followed settlement of Gilmore's claim to the other motor vehicle.

In this filing, claimant again asserts use of the motor vehicle for non-criminal, personal business. He identifies sources of funds used to purchase it that are unrelated to any criminal activity. Claimant also refers to a pending motion under 28 USC § 2255, wherein he states he has challenged his plea and sentence, because he received poor advice from defense counsel. That challenge affords him no relief in this action. Moreover, plaintiff, which did not respond to claimant's filing, cannot be compelled to enter into settlement negotiations with McCoy.

For all these reasons, the motion to strike is allowed, and claimant's motions for summary judgment and settlement are dismissed as moot. Judgment shall be entered in favor of plaintiff and

the file closed.

SO ORDERED, this the 18th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

3